Andrew W. Baldwin (Wy. Bar No. 5-2114)
Berthenia S. Crocker (Wy. Bar No. 5-1821)
Kelly A. Rudd (Wy. Bar No. 6-3928)
Janet E. Millard (Wy. Bar No. 5-1884)
Baldwin, Crocker & Rudd, P.C.
P.O. Box 1229
Lander, WY 82520
(307) 332-3385 / FAX (307) 332-2507
Attorneys for Intervenor
Northern Arapaho Tribe

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| STATE OF WYOMING, WYOMING FARM BUREAU FEDERATION, and DEVON ENERGY PRODUCTION COMPANY, L.P., | ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; GINA MCCARTHY, in her official capacity as Administrator of the U.S. Environmental Protection Agency; and SHAUN MCGRATH, in his official capacity as Region 8 Administrator of the U.S. Environmental Protection Agency, | ) ) ) ) ) ) ) ) ) | No. 14-9512 No. 14-9514 |
| Respondents, | ) | No. 14-9515 |
| and | ) ) | |
| NORTHERN ARAPAHO TRIBE, | ) ) | |
| Intervenor. | ) | |

**NORTHERN ARAPAHO TRIBE'S
MOTION FOR LEAVE TO INTERVENE**

1

The Northern Arapaho Tribe ("Tribe" or "NAT") hereby moves for leave to intervene in the above-captioned matter. The Tribe is a co-applicant in the application for treatment in a manner similar to a state ("Treatment as a State" or "TAS") under the Clean Air Act, 42 U.S.C. §7601(d), approved by the EPA, which approval the Petitioners challenge in their petitions for review. As a sovereign government, the Tribe has significant interests in the subject of this action, including the "Indian country" status of the 1905 Act area of the Wind River Indian Reservation. The Tribe also has specific interests as a co-applicant for federal approval and funding needed to undertake air quality monitoring and other environmental protection efforts on the Wind River Indian Reservation.

**Introduction.**

1.  The Northern Arapaho Tribe is a federally recognized Indian Tribe located on the Wind River Reservation. NAT shares the Reservation with the Eastern Shoshone Tribe ("EST"), which is also federally recognized. Each Tribe is governed separately, but acts together from time to time on matters of mutual concern. The Wind River Environmental Quality Commission ("WREQC") is an agency authorized by both Tribes to monitor, investigate and regulate activities affecting environmental quality on the Reservation.[1]

2.  In 1905, an Act of Congress ("1905 Act") opened an area of the Reservation to non-Indian settlement. Wyoming and other parties challenged the "Indian country" status of the area, arguing that the Act disestablished that part of the Reservation; they lost at trial and on

---

[1] For a detailed description of WREQC as an agency and its capabilities, *see* the Tribes' *Application for Treatment in a Manner Similar to a State for Purposes of the Clean Air Act and for Program Authority Under Section 105 of the Clean Air Act*, contained within the EPA administrative record.

appeal in 1989. *In re: The General Adjudication of All Rights to Use Water in the Big Horn River System and All Other Sources*, 753 P.2d 76 (Wyo. 1988), *cert. denied in part* 109 S.Ct. 863, *aff'd in part, sub nom. Wyoming v. United States*, 492 U.S. 406 (1989) ("*Big Horn I*").

3.  On December 17, 2008, the Northern Arapaho and Eastern Shoshone Tribes applied to the Environmental Protection Agency ("EPA") for TAS under the Clean Air Act.[2] In response, the State of Wyoming and others submitted extensive comments to the EPA. Despite its loss in *Big Horn I*, Wyoming's primary assertion is that the 1905 Act terminated the reservation or "Indian country" status of the area affected. Wyoming Comments dated June 9, 2009, p. 2. Petitioner Wyoming Farm Bureau Federation ("Farm Bureau") submitted comments dated May 8, 2009. Petitioner Devon Energy Production Company ("Devon") did not submit any comments.

4.  On December 19, 2013, the EPA approved the Tribes' application. *See* Notice of Final Action, 78 Fed. Reg. 76829 (Dec. 19, 2013). On February 14, 2014, the State of Wyoming filed its petition for review pursuant to F.R.A.P. 15(a) (No. 14-9512). On February 18, 2014, Farm Bureau and Devon filed separate petitions for review (Nos. 14-9514 and 14-9515). All actions were consolidated by Order of the Court on March 5, 2014 (Doc.# 01019212555).

**Standards for Granting Intervention.**

5.  F.R.A.P. 15(d) permits intervention by interested parties within 30 days after a

---

[2] The Tribes sought (1) a determination by the EPA that they meet the eligibility requirements of 40 C.F.R. §49.6 for Clean Air Act program approval; (2) approval of grant program authority under Section 105 of the Act (42 U.S.C. §7405); (3) recognition of the Reservation as an "affected State" for the purposes of Section 505(a)(2) of the Act (42 U.S.C. §7761d(a)(2); and (4) approval of treatment as a state for any additional provision of the Clean Air Act for which no separate Tribal program is required.

3

petition for review of agency action has been filed. The Rule provides no standards for the intervention, so some appellate courts have turned to F.R.C.P. 24 (Intervention) for guidance. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516 (7th Cir. 2004).

6. Under F.R.C.P. 24(a)(2), a movant is entitled to intervene as of right if it meets the following four criteria:

> (1) the motion to intervene is timely; (2) the movant has an interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the movant's ability to protect its legal interest; and (4) the parties to the litigation cannot adequately protect the movant's interest. *Elliott Indus. Ltd. Partnership v. B.P. Amoco Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

7. Under F.R.C.P. 24(b)(1)(B), courts may permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact."

8. Courts construe Rule 24 liberally in favor of allowing intervention. *Utahans for Better Transportation v. United States Dept. of Transportation*, 295 F.3d 1111, 1115 (10th Cir. 2002).

**The Tribe Meets Applicable Standards for Intervention.**

9. This Motion is timely because it is submitted within 30 days of the filing of the petitions for review. F.R.A.P. 15(d).

10. The Tribe has a significant interest in defending against Wyoming's contention that the 1905 Act area is not part of the Wind River Reservation. The Tribe has territorial sovereign interests within the 1905 Act area. Territorial sovereignty claims constitute a legally protectable interest. *New Jersey v. New York*, 523 U.S. 767 (1998); *California v. Nevada*, 447 U.S. 125 (1980); *Mississippi v. Arkansas*, 415 U.S. 289 (1974).

11. The Tribe has significant interests in protecting the benefit of its favorable judgment in *Big Horn I* that the 1905 Act did not disestablish that area of the Reservation.

12. The Tribe has significant interests as a co-applicant for TAS which Petitioners challenge. The Tribe also has broader interests in environmental protection on the Reservation and interests in federal approval, support and funding for the Tribe's environmental programs, including those within the 1905 Act area.

13. This Court has recognized the Tribe's interest in defending its federal immunity from Wyoming's on-going taxation in the 1905 Act area. *Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1279 (10th Cir. 2012)[3] (the sole substantive issue was whether the 1905 Act area remains part of the Reservation. *Id.* at 1277). This Court recognized that the above-captioned matter might eventually reach the Court and involve the same interest of the Tribe in the same area of the Reservation. *Id.* at 1280.

14. Disposition of the appeal may impair or impede each of the Tribe's interests in the 1905 Act area described above. A proposed intervenor "must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." James W. Moore, et al., Moore's Federal Practice Sec. 24.03[3][a] at 24-42 (3d ed. 2003).

**Current Parties to the Appeal Cannot Adequately Protect the Tribe's Interests.**

15. The proposed intervenor need only show that representation "may" be inadequate. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1254 (10th Cir. 2001). Ordinarily, "the

---

[3] The Tribe sought federal court relief from taxes levied by Wyoming on Indians in the 1905 Act area. This Court exercised discretion under Rule 19 not to consider the matter. The decisions by the Department of Interior and the EPA in the TAS process further clarify that the State's levy of taxes on Indians in that area is unlawful because it remains "Indian country."

applicant should be treated as the best judge of whether the existing parties adequately represent his or her interest." Moore's Federal Practice Sec. 24.03 [4][l][I] at 43. Any doubt regarding the adequacy of representation should be resolved in favor of the proposed intervenor. *Id.* at Sec. 24.03 [4][a][I] at 43.

16. The EPA's decision expressly reserves for the courts whether the judgment in *Big Horn I* estops Wyoming or other parties from re-litigating the status of the 1905 Act area as "Indian country."[4] By contrast, the Tribe advances the position that principles of *res judicata* prevent Wyoming and others from escaping the consequences of their failed challenge to the status of the 1905 Act area in that case. The EPA cannot adequately present the Tribe's interests in protecting the benefit of its favorable judgment in *Big Horn I*.

17. The EPA is charged with developing or implementing environmental policies and programs on a national level. These nation-wide duties and priorities may conflict with the interests of the Tribe, which are focused on the Wind River Reservation.

**The Tribe has Claims or Defenses Which Share Questions of Law or Fact in Common with this Action**.

18. Intervention should also be granted under the guidance provided by F.R.C.P. 24(b)(1)(B) (permissive intervention). The Tribe has a host of additional claims or defenses based on the status of the 1905 Act area as "Indian country," including claims or defenses based on the immunity of Indians from State authority, *see Harnsberger*, and the authority of Tribes "to make their own laws and be ruled by them." *Williams v. Lee*, 358 U.S. 217, 220 (1959). The status of the 1905 Act area for these other purposes involves the same questions of law or fact

---

[4] *See* Legal Analysis of the Wind River Indian Reservation Boundary at 77.

involved in the EPA's determination of the status of the area for purposes of the Tribes' TAS application.

**Consultation.** The NAT has consulted with counsel for the United States and is informed that, based on rules applicable to permissive intervention, the United States does not object to the Tribe's Motion. The NAT has consulted with counsel for the State and Farm Bureau and is informed that they do not object to the Tribe's Motion. The NAT has asked counsel for Devon whether it would object to the Tribe's Motion but has not, as of this filing, received a response.

WHEREFORE, the Northern Arapaho Tribe prays that it be granted leave to intervene in the above captioned matter.

DATED this 7th day of March, 2014.

                                                Respectfully submitted,

                                                _____/s/_____
                                                Andrew W. Baldwin
                                                Berthenia S. Crocker
                                                Kelly A. Rudd
                                                Janet E. Millard
                                                Baldwin, Crocker & Rudd, P.C.
                                                Attorneys for NAT
                                                P.O. Box 1229
                                                Lander, WY  82520-1229
                                                (307) 332-3385
                                                (307) 332-2507 *fax*

## CERTIFICATE OF ELECTRONIC FILING

  Pursuant to F.R.A.P. 25, 10th Cir. R. 25 and the 10th Cir. CM/ECF User Manual, I hereby certify that:

  (1)  All required privacy redactions have been made; and

  (2)  The electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Security Essentials version 4.4.304.0, updated March 7, 2014, and, according to that program, the submission is free of viruses.

              _____/s/_____
              Andrew W. Baldwin

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate ECF system and that all participants in this case were served through that system.

                                                             _____/s/_____
                                                             Andrew W. Baldwin